No. 2--02--1116

_______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_______________________________________________________________________________

THE WAUCONDA FIRE PROTECTION ) Appeal from the Circuit Court

DISTRICT, ) of Lake County.

) 

Plaintiff-Appellant, )

) 

v. ) No. 02--CH--1033

)

STONEWALL ORCHARDS, LLP, and )

THE COUNTY OF LAKE, ) Honorable

) Margaret J. Mullen,

Defendants-Appellees. ) Judge, Presiding.

_______________________________________________________________________________

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, the Wauconda Fire Protection District (District), sought an injunction against defendants, Stonewall Orchards, LLP (Stonewall), and Lake County (County), to enforce a District ordinance.  The trial court granted defendants' motions to dismiss. The District appeals, arguing that its ordinance is valid and enforceable in unincorporated Lake County.  We affirm in part, reverse in part, and remand the cause.   

BACKGROUND

Stonewall is a privately owned golf course open to the public, located within the common boundaries of unincorporated Lake County and the District.  
Stonewall submitted plans to the County and to the District for the construction of a clubhouse on its golf course.  The District informed Stonewall that pursuant to a District ordinance, 
the clubhouse would need sprinklers.  

The County approved building plans that did not include a sprinkler system and issued Stonewall a building permit.  After construction of the clubhouse, Stonewall received a temporary occupancy permit from the County.  The clubhouse opened for business in June 2002.  

The District sought an injunction to prevent Stonewall from occupying the clubhouse without a sprinkler system.  The District also sought to enjoin the County from issuing Stonewall a certificate of occupancy.  In response, the County and Stonewall filed motions to dismiss.  They pointed out that pursuant to section 11 of the Fire Protection District Act (Act) (70 ILCS 705/11 (West 2002)), the District does not have the authority to adopt and enforce ordinances when a municipality has adopted fire prevention laws.  Defendants argued that the County should be considered a municipality, citing section 1 of the Municipal Adoption of Codes and Records Act (50 ILCS 220/1 (West 2002)).  The County alternatively argued that the complaint should be dismissed because the County could not be compelled to enforce a District ordinance.

The District subsequently filed an amended complaint seeking, in addition to injunctive relief, a declaratory judgment that (1) pursuant to section 11 of the Act, the District has the authority to enact ordinances within unincorporated Lake County, and (2) the District's sprinkler ordinance was enacted with proper statutory authority and is valid and enforceable within the unincorporated areas of Lake County.  The trial court granted defendants' motions to dismiss pursuant to section 2--619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2--619(a)(9) (West 2002)).  The District timely appealed.    

MOTIONS

Ordered taken with this case were the County's motions to (1) strike portions of the statement of facts in the District's brief and (2) strike the District's reply brief.  The disputed facts in the District's brief are not supported by the record, in violation of Supreme Court Rule 341(e)(6) (177 Ill. 2d R. 341(e)(6)).  Accordingly, we grant the County's motion to strike these statements.

The County also points out various statements in the District's reply brief that are not supported by the record and an attached exhibit that is not included in the record.  
Attachments to briefs not included in the record on appeal are not properly before the appellate court, and they cannot be used to supplement the record.  
In re O.R.
, 3
28 Ill. App. 3d 955, 961 (2002).  However, since substantial portions of the District's reply brief contain legitimate argument, we deny the County's motion to strike the reply brief, but we strike the challenged statements and the exhibit contained in the reply brief.

ANALYSIS

The District argues that the trial court erred in granting defendants' motions to dismiss.  We review 
de novo
 the grant of a section 2--619(a)(9) motion to dismiss
.  
Byron Dragway, Inc. v. County of Ogle
, 326 Ill. App. 3d 70, 73 (2001). 

Defendants maintain that the District is prohibited from  enforcing ordinances in the County because the County has a fire prevention code.  The District concedes that its ordinances are not valid in "municipalities" that have their own fire codes, but it argues that the County is not a municipality within the context of the Act.  
Section 11 of the Act sets forth the power of fire protection districts to adopt and enforce fire prevention codes, and states in its entirety:

"The board of trustees of any fire protection district incorporated under this Act has the power and it is its legal duty and obligation to provide as nearly adequate protection from fire for all persons and property within the said district as possible and to prescribe necessary regulations for the prevention and control of fire therein.  The board of trustees may provide and maintain life saving and rescue equipment, services and facilities, including an emergency ambulance service.  Except in cities having a population of 500,000 or more inhabitants and 
except in municipalities in which fire prevention codes have been adopted
, the board of trustees has the express power to adopt and enforce fire prevention codes and standards parallel to national standards."  (Emphasis added.)  70 ILCS 705/11 (West 2002).  

The term "municipalities" is not defined in the Act. 

The primary rule of statutory construction requires that the legislature's intention be determined and given effect.  
Carver v. Sheriff of La Salle County
, 203 Ill. 2d 497, 507 (2003).  Courts should first look to the statute's language as the best indication of the drafters' intent.  
Carver
, 203 Ill. 2d at 507.  If the language is unambiguous, courts must follow the plain meaning of the statute.  
Carver
, 203 Ill. 2d at 507; 
County of Du Page v. Graham, Anderson, Probst & White, Inc.
, 109 Ill. 2d 143, 151-52 (1985).  When interpreting a statute, courts must give effect to the entire statutory scheme rather than look at words and phrases in isolation from other relevant portions of the statute.  
Carroll v. Paddock
, 199 Ill. 2d 16, 22-23 (2002).  

By citing to extrinsic sources, defendants impliedly argue that, as used in the Act, the meaning of "municipalities" is ambiguous.  They point out that the Counties Code gives counties the power to adopt ordinances governing building construction, including fire prevention codes.  See 55 ILCS 5/5--1063 (West 2002).  Defendants maintain that we should apply the definition of "municipalities" from the Municipal Adoption of Codes and Records Act
 
(50 ILCS 220/1 
et seq.
 (West 2002)).  It permits municipalities to adopt codes (including fire prevention codes) and public records by reference, and states in relevant part:  

" 'Municipality' means any fire protection district or other political subdivision of the State of Illinois having power to legislate on the subject matters mentioned in this Act."  50 ILCS 220/1(a) (West 2002). 

However, this provision includes fire protection districts in its definition of "municipalities," so it cannot coherently be applied to section 11 of the Act.  

The District maintains that this issue has already been settled by 
Orland Fire Protection District v. Intrastate Piping & Controls, Inc.
, 266 Ill. App. 3d 744 (1994).  In that case, the court upheld the fire protection district's power to adopt a sprinkler ordinance.  
Orland Fire Protection District
, 266 Ill. App. 3d at 750-51.  However, the issue of whether a district would have such authority in a county with its own fire prevention code was not before the court.  
Orland Fire Protection District
 provides no guidance in the instant case.

We note that in other sections of the Act, the legislature used the word "municipality" to refer to cities, villages, and incorporated towns.  Section 9, entitled "Acquiring apparatus from municipality," requires a fire protection district to reimburse "any city or village or incorporated town" from which it acquires a fire protection facility.  70 ILCS 705/9 (West 2002); see also 70 ILCS 705/18 (West 2002) ("municipality" referred to as a city, village, or incorporated town in context of disconnecting annexed territory).  The Act also includes sections using "municipality" and "county" as distinct terms.  See 70 ILCS 705/1.02 (West 2002) (distinguishing boundaries for cost-of-election purposes);  70 ILCS 705/11(e) (West 2002) (stating that address number system of fire protection district may not supercede any county or municipal numbering system).         

An examination of the statute's legislative history lends further support to the position that counties were not meant to be included in the definition of "municipalities."  During Senate debate, Senator Bowers questioned, "Now, if I understand this correctly, we have no exception in here as it relates to a County Building Code [
sic
], is that correct?"  Senator Vadalabene, the bill's sponsor, replied, "Yes, that's correct."  80th Ill. Gen. Assem., Senate Proceedings, May 17, 1977, at 183 (statements of Senators Bowers and Vadalabene).

Moreover, the Statute on Statutes provides a definition of "municipality," which would control unless its use would be inconsistent with the intent of the legislature or repugnant to the context of the statute.  5 ILCS 70/1,
 1.27 (
West 2002).  The Statute on Statutes defines "municipality" according to the Illinois Constitution, which states in relevant part:   

" 'Municipalities' means cities, villages and incorporated towns.  'Units of local government' means counties, municipalities, townships, special districts, and units, designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited governmental subjects, but does not include school districts."  Ill. Const. 1970, art. VII, §1.

This 
definition of "municipalities" ex
cludes counties.  Its use would not be inconsistent with the legislature's intent or repugnant to the statute because it corresponds to the use of the word "municipalities" in other sections of the Act.  Therefore, the County is not a municipality within the context of section 11, and the District has concurrent jurisdiction with the County regarding fire prevention laws. 

The District further contends that its ordinances supercede those of the County because it has a specific grant of authority to pass fire protection ordinances as opposed to the County's general grant of authority.  The County maintains that two sections of the Counties Code specifically give it the power to pass fire prevention ordinances.  The County argues that its powers are superior because the constitution requires the creation of counties (Ill. Const. 1970, art. VII, §2), whereas the District is a creature of statute formed by popular referendum. 

Rules of statutory construction provide that a particular statute pertaining to only one subject prevails over a more general provision.  
Bowes v. City of Chicago
, 3 Ill. 2d 175, 205 (1954); 
County of Lake v. Fox Waterway Agency
, 326 Ill. App. 3d 100, 109 (2001); see 
County of Winnebago v. Davis
, 156 Ill. App. 3d 535, 538-39 (1987) (specific, express delegation of authority by legislature prevails over general regulatory power).

The County has the power to:

"prescribe by resolution or ordinance reasonable rules and regulations (a) governing the construction and alteration of all buildings *** in a condition reasonably safe from hazards of 
fire
, explosion, collapse, electrocution, flooding, asphyxiation, contagion, and the spread of infectious disease."  (Emphasis added.)  55 ILCS 5/5--1063 (West 2002).

See also 55 ILCS 5/5--6001, 5--6002 (West 2002) (county may adopt codes, including fire prevention codes, by reference).  While the County has the power to pass fire ordinances in connection with its authority to regulate building construction, the District's grant of authority is more specific in that it relates exclusively to fire protection ordinances.  Therefore, strictly speaking, the District's ordinances supercede conflicting County ordinances.  We note, however, that in this case, the County's ordinances are not repugnant to the District's ordinances.  Therefore, we do not have to resolve whether there is an actual conflict requiring one ordinance to trump the other.  Rather, both ordinances should be given effect, as both the County and the District have concurrent jurisdiction regarding fire prevention laws.  Thus, we conclude that Stonewall must comply with each ordinance at issue here.   

Finally, the County argues that the District must enforce its ordinance against Stonewall and cannot resort to seeking  enforcement by the County.  We agree.  Fire protection districts were given the authority to both pass 
and enforce
 fire prevention ordinances.  70 ILCS 705/11 (West 2002).  The statute provides no indication that the legislature intended a fire protection district to have the power to require a county to withhold an occupancy permit.   Furthermore, the District ordinance at issue provides a penalty in the form of monetary damages.  

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County as to the injunctive relief sought against the County.  We reverse and remand the cause for further proceedings, consistent with this opinion, with respect to the injunctive relief sought against Stonewall and the declaratory relief sought against both defendants. 

Affirmed in part and reversed in part; cause remanded.

BYRNE, J., concurs.

JUSTICE McLAREN, dissenting:

I agree with the majority that the term “municipality” in the Fire Protection District Act is ambiguous.  However, I do not agree with its interpretation because I believe it is illogical, imposes an unconstitutional classification, and unduly burdens property owners in the Wauconda Fire Protection District who also live in unincorporated Lake County
.
  As used in section 11 of the Fire Protection District Act (70 ILCS 705/11 (West 2002)), the term "municipality" is ambiguous.  “A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different ways.”  
Krohe v. City of Bloomington
,
 204 Ill. 2d 392,
 395-96 (2003).  In this case, “reasonably well-informed persons" believe that, by using the term “municipality,” the legislature intended to exclude cities, villages, and incorporated towns, but not counties.  Yet, there is no rationale that I can perceive, nor has one been presented to this court, that distinguishes these entities.  There is no reason that municipalities protected by fire protection districts should have supremacy

over the districts but counties should not.  In the alternative, if there is any rationale that suggests that a fire protection district is more capable than a county to enact and enforce fire codes, then there is no reason of record to explain why fire protection districts should not also be more capable than municipalities protected by fire protection districts.  The more logical interpretation is that 
the legislature intended that all entities that supervise the construction of buildings, impose safety codes, and have the apparatus to enforce them in their jurisdiction
 should be included in the definition of "municipality."  I believe the legislature intended to include counties in the definition of "municipalities."
 

Before the legislature enacted the Fire Protection District Act, it had already granted counties the authority to enact fire codes.  See 55 ILCS 5/5--1063 (West 2002).
  There is nothing in the Fire Protection District Act itself, or in its history, indicating that the legislature intended to diminish a county’s express authority to enact fire codes by giving concurrent jurisdiction to a fire protection district.  In fact, I believe the legislative history supports my interpretation.  When the sponsor of the bill said it was "permissive," I think he meant that the statute applied only where there was a vacuum, 
i.e.
, only where a county, village, or city had not enacted a fire code.  I also note that, contrary to the majority’s position, there is a conflict between the Wauconda Fire Protection District ordinance and the Lake County fire prevention code.  The first requires sprinklers while the latter does not. Ironically, because the Wauconda Fire Protection District ordinance requires sprinklers, the county then requires the owner to install a generator to insure functioning of the sprinklers. 
 I do not believe the legislature intended to burden owners in this way.  It is well settled that, where the language of a statute is ambiguous, a reviewing court should select the interpretation that leads to a logical result and reject that which would lead to an absurdity, inconvenience, or injustice.  See 
In re
 B.L.S.
, 
202 Ill. 2d 510, 517 (2002). 
 I believe the majority has failed in its attempt to achieve the most reasonable interpretation. 

In my opinion, contemporaneous jurisdiction will create myriad problems not yet experienced or foreseen by the majority.  Requiring county residents to comply with two jurisdictions rather than one will result in unequal treatment of county residents 
vis-a-vis
 municipal residents, without any rational basis. 

Finally, the majority interpretation violates the equal protection clause
 
(U.S. Const., amend. XIV) 
regardless of which test is applied (strict scrutiny or rational basis).  See 
Puffer-Hefty School District No. 69 v. Du Page Regional Board of School Trustees of Du Page County
, 
339 Ill. App. 3d 194,
 201-02 (2003) (strict scrutiny will be applied to legislation that operates to the disadvantage of a suspect classification or infringes upon a fundamental right, otherwise the legislation must simply bear a rational relationship to a legitimate governmental interest).  
Ultimately, the appellate or supreme court will have to reconcile which entity has supremacy in conflicts between county and fire protection district ordinances.  If not, further improvements built in those areas of conflict will be subject to duplicative coverage and costs relating thereto, both in enforcement and compliance, and in probable litigation of each conflict. 

Thus, I respectfully dissent.