*In re* K.S., an Alleged Delinquent Minor (The People of the State of Illinois, Petitioner-Appellee, v. K.S., Respondent-Appellant).

Fifth District   No. 5—04—0369

Opinion filed December 29, 2004.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gary Duncan, State's Attorney, of Mt. Vernon (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Peterson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The respondent, K.S., was found to be a delinquent minor based upon her admissions of guilt for two misdemeanor thefts (720 ILCS 5/16—1(b)(1) (West 2002)). She was placed on probation, and her probation was subsequently revoked. She was placed in the Illinois Department of Corrections, Juvenile Division, until her twenty-first

birthday. On appeal, the respondent contends that the judgment must be corrected because she has been placed in the Department of Corrections (DOC) for a longer period of time than an adult would have to serve for committing the same offenses. She also contends that she is entitled to an as-yet-undetermined number of days' credit toward her placement in the DOC. The State confesses error on the first issue and responds that this court should modify the trial court's dispositional order to show that she has been placed in the DOC for a period not to exceed 364 days.

On February 25, 2003, a petition for an adjudication of wardship was filed. It alleged two counts of misdemeanor theft.

On April 28, 2003, the respondent admitted the allegations contained in the juvenile petition, and the court found her to be a delinquent minor, made her a ward of the court, and placed her on 18 months' probation.

On November 25, 2003, a petition to revoke probation was filed. It alleged that the respondent violated school rules by leaving school without authority on November 24, 2003.

On April 12, 2004, another petition to revoke probation was filed. It alleged that the respondent was not in the place where she was supposed to be.

On April 26, 2004, the respondent admitted the allegations contained in each of the petitions to revoke probation, and for each petition the court found that she had violated her probation. The court set May 10, 2004, for the entry of a dispositional order.

On May 10, 2004, the respondent, age 16, was placed in the DOC "for an indeterminate term."

On appeal, the respondent initially contends that the judgment must be corrected because she has been placed in the DOC for a longer period of time than an adult would have to serve for committing the same offenses. The State responds that this court should modify the trial court's dispositional order to show that the respondent has been placed in the DOC for a period not to exceed 364 days.

■ The minor relies on her construction of section 5—710(7) of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5—710(7) (West 2002)). Section 5—710(7) provides:

> "In no event shall a guilty minor be committed to the Department of Corrections, Juvenile Division[,] for a period of time in excess of that period for which an adult could be committed for the same act." 705 ILCS 405/5—710(7) (West 2002).

We agree with the minor that the plain language of section 5—710(7) prohibits the commitment of a juvenile offender to the DOC for a period greater than the maximum adult sentence for the same offense. See *In re C.L.P.*, 332 Ill. App. 3d 640, 644, 773 N.E.2d 188, 190 (2002).

■ In this case, the minor admitted committing misdemeanor theft, a Class A misdemeanor (720 ILCS 5/16—1(b)(1) (West 2002)). The maximum period of incarceration for an adult who commits a Class A misdemeanor is 364 days. 730 ILCS 5/5—8—3(a)(1) (West 2002). Therefore, under section 5—710(7), the maximum period for which the trial court could commit the minor to the DOC was the maximum sentence that an adult could receive for misdemeanor theft, *i.e.*, 364 days.

The dispositional order committed the minor to the DOC for an indeterminate period. This was in accordance with section 5—750(3) of the Act, which provides, in pertinent part:

> "[T]he commitment of a delinquent to the Department of Corrections shall be for an indeterminate term which shall automatically terminate upon the delinquent attaining the age of 21 years unless the delinquent is sooner discharged from parole or custodianship is otherwise terminated in accordance with this Act or as otherwise provided for by law." 705 ILCS 405/5—750(3) (West 2002).

Thus, under the plain language of section 5—750(3) of the Act, the indeterminate period for which the minor has been committed to the DOC will not automatically terminate until she attains the age of 21 years.

The trial court entered the dispositional order on May 10, 2004. The minor will attain the age of 21 years on April 28, 2009. Therefore, if the minor remains committed to the DOC until she attains the age of 21 years, she will have been committed for a period greater than the 364-day maximum period for which an adult could be incarcerated for misdemeanor theft. If that occurs, the minor's period of commitment would violate section 5—710(7). See *In re C.L.P.*, 332 Ill. App. 3d at 644, 773 N.E.2d at 191.

For these reasons, we conclude that a trial court that enters a dispositional order committing a minor to the DOC for an indeterminate period must consider whether, if the minor remains in the DOC until she attains the age of 21 years, the commitment period would exceed the maximum sentence that an adult could receive for the same offense. If so, to comply with section 5—710(7), the dispositional order must include a limitation on the period of the commitment so that it does not exceed the maximum period of incarceration for a comparable adult. See *In re C.L.P.*, 332 Ill. App. 3d at 645, 773 N.E.2d at 191.

In this case, the trial court did not include in the dispositional order the maximum period for which the minor may be committed to the DOC for the offense of misdemeanor theft. Consequently, the

order did not comply with section 5—710(7). The minor is therefore entitled to the modification of the dispositional order to include a limitation on the period of her commitment to a period that is no greater than the maximum sentence for a comparable adult, *i.e.*, 364 days. See *In re C.L.P.*, 332 Ill. App. 3d at 645, 773 N.E.2d at 191.

The respondent lastly contends that she is entitled to a credit for the time she spent in detention toward the time she is required to serve in the DOC. The State responds that the respondent is not entitled to a credit for the time she spent in detention prior to her being placed in the DOC. The State alleges that a conflict exists among the districts of the Illinois Appellate Court and that neither this district nor the Illinois Supreme Court has decided the specific issue. The State draws our attention to the following cases that granted a credit: *In re E.C.*, 297 Ill. App. 3d 177, 696 N.E.2d 846 (4th Dist. 1998); *In re Jesus R.*, 326 Ill. App. 3d 1070, 762 N.E.2d 717 (4th Dist. 2002); and *In re Jermaine J.*, 336 Ill. App. 3d 900, 784 N.E.2d 428 (3d Dist. 2003). The State also draws our attention to *In re C.L.P.*, 332 Ill. App. 3d 640, 773 N.E.2d 188 (2d Dist. 2002), and *In re J.J.M.*, 299 Ill. App. 3d 327, 701 N.E.2d 1170 (2d Dist. 1998), in which the respondents were not granted a credit. The State contends that section 5—710(1)(a)(v) of the Act (705 ILCS 405/5—710(1)(a)(v) (West 2002)) is supportive of its position. Section 5—710(1)(a)(v) provides, in part:

> "The court may grant credit on a sentencing order of detention entered under a violation of probation or violation of conditional discharge under Section 5—720 of this Article [(705 ILCS 405/5— 720 (West 2002))] for time spent in detention before the filing of the petition alleging the violation." 705 ILCS 405/5—710(1)(a)(v) (West 2002).

The State is aware of *In re B.L.S.*, 202 Ill. 2d 510, 782 N.E.2d 217 (2002), but insists the Illinois Supreme Court found that cases involving juvenile commitments for indeterminate periods are distinguishable from habitual-juvenile-offender cases, in which determinate commitments are required.

Section 5—710(1)(b) of the Act provides in relevant part:

> "A minor found to be guilty may be committed to the Department of Corrections, Juvenile Division, under Section 5—750 ***. The time during which a minor is in custody before being released upon the request of a parent, guardian[,] or legal custodian shall be considered as time spent in detention." 705 ILCS 405/5—710(1)(b) (West 2002).

This court believes that section 5—710(1)(b) is applicable to the respondent's situation. The section of the Act on which the State relies is applicable to "the sentencing order of detention." The

respondent is not seeking a credit on a "sentencing order of detention" but is seeking a credit for the time she spent in detention toward the time she is required to serve in the DOC.

In *In re J.J.M.*, 299 Ill. App. 3d 327, 701 N.E.2d 1170 (1998), the respondent was adjudicated a delinquent minor due to his commission of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(1) (West 1996)). He was placed in the DOC for an indeterminate term. On appeal, the respondent argued that, like adult offenders, he was entitled to receive credit against the maximum term of "incarceration" for the time he spent in predisposition custody at the youth home as a result of the offense for which the subsequent "sentence" was imposed. The appellate court found that juveniles are accorded favorable treatment not normally available to adult criminal defendants and that a delinquency proceeding is not in the usual sense an adversarial proceeding but is one to be administered in a spirit of humane concern for and to promote the welfare of the minor. *In re J.J.M.*, 299 Ill. App. 3d at 331-32, 701 N.E.2d at 1173. The court contrasted certain provisions of the Act with similar provisions of the Criminal Code of 1961. The court held, "Because proceedings under the Juvenile Court Act [of 1987] are not criminal, and juvenile offenders are not considered criminals, do not suffer the consequences of a conviction, and are not given 'sentences' as in criminal proceedings, *** the credit-against-sentence provision of section 5—8—7(b) of the Unified Code [of Corrections (730 ILCS 5/5—8—7(b) (West 1996))] does not apply to a case *** where a juvenile delinquent ward has been committed for an indeterminate term in the DOC." *In re J.J.M.*, 299 Ill. App. 3d at 332, 701 N.E.2d at 1174. This court respectfully disagrees with the holding of *In re J.J.M.* This court believes that fundamental fairness requires that adults and juveniles be treated similarly when credit toward their incarceration in the DOC is at issue.

In *In re B.L.S.*, 202 Ill. 2d 510, 782 N.E.2d 217 (2002), the respondent was adjudicated a habitual juvenile offender and committed to the DOC until his twenty-first birthday, as mandated by section 5—815(f) of the Act (705 ILCS 405/5—815(f) (West 2000)). The appellate court held that the respondent was entitled to a credit for the time he spent in custody before sentencing. The Illinois Supreme Court held that a habitual juvenile offender is entitled to receive predisposition credit against a determinate sentence. *In re B.L.S.*, 202 Ill. 2d at 512-13, 782 N.E.2d at 219. While the court expressly stated that the issue before it was confined to whether a habitual juvenile offender sentenced to a determinate term is entitled to receive a credit for predisposition detention (*In re B.L.S.*, 202 Ill. 2d at 516, 782 N.E.2d at 221), this court believes that certain statements made by the court

in *In re B.L.S.* allow this court to grant the respondent in the case at bar a credit for time she spent in detention.

The Illinois Supreme Court referred to section 5—8—7(b) of the Unified Code of Corrections (730 ILCS 5/5—8—7(b) (West 2000)) and the council commentary thereunder (730 ILCS Ann. 5/5—8—7, Council Commentary, at 622 (Smith-Hurd 1997)). The court found that the council commentary indicates that the legislature's intent is that offenders receive a credit for all the time spent in confinement. *In re B.L.S.*, 202 Ill. 2d at 517, 782 N.E.2d at 222. The Illinois Supreme Court noted that it had stated that the credit requirement of section 5—8—7(b) is meant to account for all the time served in confinement for a particular offense and that the purpose of the credit requirement of section 5—8—7(b) is to ensure that offenders do not ultimately remain incarcerated for periods in excess of their eventual sentences. *In re B.L.S.*, 202 Ill. 2d at 518, 782 N.E.2d at 222. The court also noted that section 5—8—7(b) does not restrict the right to a credit for time served to adult offenders. *In re B.L.S.*, 202 Ill. 2d at 518, 782 N.E.2d at 223. The court further noted that it has previously recognized that amendments to the Act represented a fundamental shift from the singular goal of rehabilitation to include the overriding concerns of protecting the public and holding juvenile offenders accountable and that virtually all the constitutional requirements of a criminal trial have been introduced into juvenile delinquency proceedings. *In re B.L.S.*, 202 Ill. 2d at 519, 782 N.E.2d at 223. The court lastly noted that the incarcerated juvenile's liberty is restrained just as effectively as that of an adult offender. *In re B.L.S.*, 202 Ill. 2d at 519, 782 N.E.2d at 223.

In light of the Illinois Supreme Court's comments in *In re B.L.S.*, this court doubts the current validity of the reasoning in *In re J.J.M.* for denying a juvenile offender a credit against his or her commitment time in the DOC. No issue is raised concerning the revocation of the respondent's probation and her placement in the DOC; therefore, that aspect of the judgment is affirmed. That portion of the judgment placing the respondent in the DOC for an indeterminate period is reversed, and this cause is remanded to the circuit court to enter a new judgment in conformity with this opinion and to award the respondent a credit for the time she spent in detention prior to her placement in the DOC.

Affirmed in part and reversed in part; cause remanded.

GOLDENHERSH and KUEHN, JJ., concur.