*In re* TIMOTHY P., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Timothy P., a Minor, Respondent-Appellant).

First District (3rd Division)   No. 1—07—1518

Opinion filed January 28, 2009.

Patricia Unsinn and Levi S. Harris, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald, Rimas F. Cernius, and James A. Costello, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Respondent Timothy P. appeals from the circuit court's denial of his motion to withdraw his plea of guilty. He contends the the circuit court failed to properly admonish him of the consequences of his plea and the maximum penalty which could be imposed upon him as required by section 5—605(2)(a) of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5—605(2)(a) (West 2006)). For the following reasons, we vacate the plea and remand with directions.

The State filed a petition for adjudication of wardship charging respondent with robbery and aggravated battery. Because he was on probation for possession of a controlled substance, the State also filed a petition for violation of probation. When respondent appeared to answer to the charges, the circuit court informed him: "If you are found either delinquent or in violation of probation, the possible penalty's the same: Five years probation, 30 days in detention and time in the Department of Corrections: ***."

Prior to the adjudicatory hearing on December 7, 2006, respondent and the State reached an agreement under which respondent would plead guilty to one count of robbery, the State would dismiss the aggravated battery count *nolle prosequi*, and respondent's probation would be terminated unsatisfactorily. The parties also requested an order for an evaluation by Intensive Probation Services (IPS). Subject to the results of that evaluation, the court indicated it was inclined to accept the agreement of the parties that respondent be sentenced to five years' probation, with the first year on intensive supervised probation, and other conditions including home confinement and evening reporting.

When respondent entered his plea of guilty, the court advised him that he was giving up his rights to have a trial, confront and cross-examine witnesses, present evidence, and testify in his own behalf.

Respondent stated that no one had threatened or promised him anything to get him to plead guilty, and that he was doing so freely and voluntarily.

The court advised respondent that while the IPS evaluation was being prepared, respondent would be released on home confinement with evening reporting. The court told respondent it was "not bound by the agreement" but added, "I can pretty sure tell you that I'm going to go along with probation if you do what you're supposed to do between now" and the dispositional hearing. The following exchange then occurred between respondent and the court:

"MINOR RESPONDENT: And you [are] going along with the IPS?

THE COURT: If IPS accepts you, yes, I am.

MINOR RESPONDENT: If they don't accept me, I just get five-years probation?

THE COURT: We're going to have to make some adjustments, but I will tell you this, we have to look at what the IPS report says. *** [I]f you don't pick up any cases, if you're in school and you follow my rules ***, even if IPS rejects you, I will not send you to the Department of Corrections.

Those three things: You don't mess up, you are in school, and you follow my home confinement and evening reporting, you won't go to DOC. *** We'll deal with what IPS says, but you won't go to DOC."

The State presented a factual basis for the guilty plea, with respondent swearing to the facts within his personal knowledge and his attorney stipulating to the rest. The court accepted respondent's admission, entered a finding of delinquency on the robbery count, and ordered the IPS evaluation and an updated social history. The State dismissed the aggravated battery count *nolle prosequi* and moved to strike with leave to reinstate a pending possession of cannabis charge.

On February 20, 2007, the court conducted the dispositional hearing. The probation officer reported that respondent had not been attending school and had not appeared for either of his appointments with his probation officer to update his social history. Thus, the probation officer concluded that respondent was not an acceptable candidate for intensive probation, and the State concurred that respondent be sent to the "Department of Corrections." The court ordered that respondent be made a ward of the court and sentenced him to the Department of Juvenile Justice for an indeterminate period of time not to exceed his twenty-first birthday, less 52 days' credit for time in custody prior to his commitment. Respondent was then 15 years and 3 months of age.

Respondent filed a written amended motion to withdraw his plea of guilty or reconsider sentence and attached his attorney's certificate pursuant to Supreme Court Rule 604(d). 210 Ill. 2d R. 604(d). The motion argued that respondent maintained his innocence of the charges and that he had pled guilty only to avoid being sentenced to the Department of Juvenile Justice. The circuit court denied the motion.

On appeal, respondent contends that the circuit court failed to admonish him of the maximum penalty which could be imposed as a consequence of his plea pursuant to section 5—605(2)(a) of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5—605(2)(a) (West 2006)). Specifically, he asserts that prior to his plea, the court failed to advise him that he could be sentenced to the Department of Juvenile Justice for an indeterminate term until his twenty-first birthday. Although acknowledging that he failed to raise this issue in his written motion to withdraw his plea, he requests that we review his claim for plain error. Respondent also asserts his trial attorney was ineffective for failing to include in the written motion to withdraw his guilty plea that the court failed to comply with section 5—605(2)(a) of the Act.

Initially, we address the State's argument that respondent has waived his claim by failing to include it in his written amended motion to withdraw his guilty plea. Supreme Court Rule 604(d), which is applicable to juvenile proceedings, provides that, in order to appeal from a judgment entered upon a plea of guilty, a defendant must first timely file in the trial court a written motion to either withdraw his guilty plea or reconsider the sentence. Any issue not raised in the motion to withdraw the plea of guilty or motion to reconsider shall be deemed forfeited on appeal. 210 Ill. 2d R. 604(d); *In re J.T.*, 221 Ill. 2d 338, 346 (2006); *People v. Davis*, 145 Ill. 2d 240, 250 (1991). Respondent filed the requisite motion to withdraw his plea, but acknowledges that he did not raise this particular issue in his motion.

Nevertheless, where the trial court fails to give a defendant the admonishments required by the supreme court rules governing guilty pleas, the plain error doctrine has been applied as an exception to the forfeiture rule as set forth in Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)); *People v. Davis*, 145 Ill. 2d at 250; see also *People v. Blankley*, 319 Ill. App. 3d 996, 1007 (2001) (plain error doctrine applied to claim that defendant was not properly admonished of maximum sentence proscribed for his offense as required by Supreme Court Rule 402 (177 Ill. 2d R. 402) "because of the substantial constitutional rights at stake"). The same due process concerns are at issue with respect to juvenile admonishments regarding guilty pleas. See 705 ILCS 405/5—101(3) (West 2006) (minors shall have "all the procedural

rights of adults in criminal proceedings" unless specifically excluded by laws enhancing the minor's protection). Additionally, we are mindful that the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2006)) has never been held to apply to juvenile proceedings, thereby potentially leaving the juvenile without a remedy for his constitutional claims. See *In re William M.*, 206 Ill. 2d 595, 604 (2003). Accordingly, for these reasons, we apply the plain error doctrine here to address respondent's claim.

Section 5—605 provides that prior to accepting a minor respondent's guilty plea, the court must admonish the minor of the consequences of his plea and "the maximum penalty provided by law which may be imposed upon acceptance of the plea." 705 ILCS 405/5—605(2)(a) (West 2006); *In re D.R.*, 342 Ill. App. 3d 512, 514 (2003). The State maintains that the circuit court informed respondent of both the consequences of his admission to the robbery charge and the maximum penalty "many, many times." However, the record indicates that although respondent was told commitment to the Department of Juvenile Justice was a possibility, he was never advised that he could be committed for a period of time up to his twenty-first birthday which, in this instance, would be a maximum period of over five years. Thus, we must consider whether merely advising respondent that he may be committed to the Department of Juvenile Justice was sufficient compliance with the "maximum penalty" admonishment of section 5—605(2)(a).

Since this issue is one of first impression, we begin by considering it in the context of an adult plea. Under Supreme Court Rule 402(a)(2) a court cannot accept a guilty plea until a defendant has been admonished as to "the minimum and maximum sentence prescribed by law." 177 Ill. 2d R. 402(a)(2). This requirement "is based upon the assumption that notice of both the minimum and maximum [sentence] will give the defendant a more realistic picture of what might happen to him." 177 Ill. 2d R. 402(a)(2), Committee Comments, at lxxvii. In weighing claims of insufficient Rule 402 admonishments, courts have considered substantial compliance with the rule sufficient to establish due process. *People v. Fuller*, 205 Ill. 2d 308, 323 (2002). Additionally, under these claims we may consider the entire record in order to determine whether the defendant understood the nature of the charges against him. *Fuller*, 205 Ill. 2d at 323.

Although we recognize that Rule 402 is not applicable to delinquency proceedings, we find the rule instructive here because the due process rights the rule was designed to protect do indeed apply to such proceedings. *In re A.G.*, 195 Ill. 2d 313, 321 (2001). To satisfy due process requirements, it must be apparent that minors understand the consequences of their admissions. *In re A.G.*, 195 Ill. 2d at 320.

Here, although a commitment of a delinquent to the Department of Juvenile Justice shall be for an indeterminate term (705 ILCS 405/5—750(3) (West 2006)), the term of commitment can be no greater than the maximum sentence for a comparable adult. 705 ILCS 405/5—710(7) (West 2006); *In re J.T.*, 221 Ill. 2d 338, 351 (2006). Thus, the "maximum penalty" may be different depending on the age of the delinquent and the offense committed. See, *e.g.*, *In re K.S.*, 354 Ill. App. 3d 862, 864-65 (2004) (maximum commitment limited to 365 days for misdemeanor theft). As a result, generally informing a delinquent that he may be subject to the Department of Juvenile Justice does not establish that respondent reasonably understood the terms of the plea and does not provide a realistic picture of what might potentially happen to him. Absent a clear articulation by the circuit court of the maximum penalty that might be imposed, we cannot conclude that respondent's guilty plea was made with full knowledge of the potential consequences or that there was substantial compliance with section 5—605(a)(2). 705 ILCS 405/5—605(a)(2) (West 2006).

We also note that we have previously expressed in other instances that when a trial court sentences a respondent minor to the Department of Juvenile Justice, the court's admonishments "should clearly state that the minor is sentenced to an indeterminate term in JDOC, which is not to exceed the maximum sentence possible for an adult. The court should also expressly state that maximum (such as, for instance, seven years) in its sentencing order." *In re Justin L.V.*, 377 Ill. App. 3d 1073, 1087 (2007).

Accordingly, we vacate respondent's plea and remand the cause to the circuit court to allow respondent to plead anew.

Vacated and remanded with directions.

QUINN and COLEMAN, JJ., concur.