# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Jabari C.*, 2011 IL App (4th) 100295

---

| | |
|---|---|
| Appellate Court Caption | *In re*: JABARI C., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. JABARI C., Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0295 |
| Filed | December 2, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where respondent minor was arrested for unlawful possession of cannabis with intent to deliver on school grounds and was placed on a formal station adjustment and thereafter committed to the Department of Juvenile Justice for an indeterminate term following an adjudication of delinquency and an order making him a ward of the court, the cause was remanded with directions to issue an amended sentencing order reflecting one additional day of sentence credit against his sentence for the day he was placed on the formal station adjustment. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-JD-154; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Affirmed as modified and remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Jacqueline L. Bullard, all of State Appellate Defender's Office, of Springfield, for appellant. |
|---|---|
| | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE COOK delivered the judgment of the court, with opinion. Justices Pope and Knecht concurred in the judgment and opinion. |

## OPINION

¶ 1    In December 2009, respondent, Jabari C., entered an open guilty plea to an amended charge of unlawful possession with intent to deliver cannabis on school grounds, a Class A misdemeanor (720 ILCS 550/5.2(e) (West 2008)). In exchange for respondent's guilty plea, the State agreed (1) to dismiss the original charge of delivery of cannabis on school grounds, a Class 4 felony (720 ILCS 550/5.2(d) (West 2008)) and (2) to not file a delinquency petition for Champaign County sheriff's department report No. 083343J, an unrelated case.

¶ 2    On March 18, 2010, the trial court adjudicated respondent a delinquent minor and ordered him a ward of the court. The court further ordered him "committed to the Illinois Department of Juvenile Justice [(the Department)] for an indeterminate term which shall automatically terminate in 364 days or upon [respondent] attaining the age of 21 years, whichever comes first, unless he is sooner discharged from parole or custodianship is otherwise terminated in accordance with the Juvenile Court Act or is otherwise provided for by law." Additionally, the court awarded respondent 17 days of sentence credit for time previously spent in custody.

¶ 3    On appeal, respondent argues he is entitled to one additional day of sentence credit for the date of his original arrest. The State disagrees and argues respondent was properly awarded 17 days' credit. The State argues respondent was not entitled to one day of sentence credit for the date of his original arrest because juveniles should not be entitled to predetention credit for station adjustments. We agree with respondent and remand with directions.

¶ 4                              I. BACKGROUND

¶ 5    On May 1, 2009, respondent was arrested on school grounds after police officers from the Champaign County police department found 1.7 grams of cannabis in his school locker. However, respondent was not admitted to the Champaign County Juvenile Detention Center

on that date.

¶ 6      On May 14, 2009, respondent was placed on a formal station adjustment by the Champaign County police department. The station adjustment was scheduled to end July 14, 2009; however, due to a subsequent violation by respondent, it was terminated and closed with no further action.

¶ 7      Shortly thereafter on June 17, 2009, the State filed a petition for adjudication of delinquency and wardship of respondent for the May 1 incident (Champaign County case No. 09-JD-154). The petition alleged respondent committed the offense of delivery of cannabis on school grounds when he knowingly and unlawfully possessed with the intent to deliver more than 2.5 grams but not more than 10 grams of a substance containing cannabis.

¶ 8      In December 2009, the State filed a supplemental petition for adjudication of wardship amending the original charge to unlawful possession with intent to deliver cannabis on school grounds. On that same day, respondent entered an open guilty plea to the amended charge. In exchange for respondent's guilty plea, the State agreed (1) to dismiss the original charge of delivery of cannabis on school grounds, a Class 4 felony (720 ILCS 550/5.2(d) (West 2008)) and (2) to not file a delinquency petition for Champaign County sheriff's department report No. 083343J, an unrelated case. The court heard the factual basis, admonished respondent, accepted the guilty plea, and scheduled a sentencing hearing for February 16, 2010.

¶ 9      On January 5, 2010, respondent was arrested on a new charge of delivery of cannabis on school grounds (Champaign County case No. 10-JD-2). On January 6, 2010, the trial court determined it was a matter of urgent and immediate necessity to detain respondent both for his own protection in case he suffered from serious substance-abuse issues and for the "protection of the person or property of another" given the allegation that he sold drugs on two separate occasions on two different school properties. Thereafter, the court ordered respondent detained on the new charge and the original charge on which he was awaiting sentence (Champaign County case No. 09-JD-154).

¶ 10      On January 21, 2010, the trial court released respondent to home detention pursuant to a pretrial conditions order. The court vacated the February 16, 2010, sentencing date and rescheduled it for March 18, 2010. According to the court, the delay in sentencing would give respondent the opportunity to show the court he does not "want to be back in this situation."

¶ 11      On March 18, 2010, the trial court adjudicated respondent a delinquent minor and ordered him a ward of the court. The court further ordered him "committed to [the Department] for an indeterminate term which shall automatically terminate in 364 days or upon [respondent] attaining the age of 21 years, whichever comes first, unless he is sooner discharged from parole or custodianship is otherwise terminated in accordance with the Juvenile Court Act or is otherwise provided for by law." In setting the sentence, the court noted respondent's behavior pending sentencing had not improved, noting "a half a page of [school] disciplinary violations since he plead [*sic*] guilty." According to the court, respondent was "going through life frankly with the belligerence of a gang member." Accordingly, the court determined a community-based sentence was inappropriate

considering respondent's behavior pending sentencing.

¶ 12 During sentencing, the following exchange occurred between the trial court and counsel regarding respondent's sentence credit:

"THE COURT: [Respondent] is to receive credit for all time previously served. Your calculation, Ms. Riess [(respondent's attorney)]?

MS. RIESS: Your Honor, I don't think he has any credit specifically in this case. I would ask that he be credited 12 days for the time he spent in custody in January on the other case.

THE COURT: And your position, Mr. Dill [(the prosecutor)]?

MR. DILL: No objection, Judge. I thought it was 17 days. Am I adding wrong?

* * *

MS. RIESS: Thank you. I agree, your Honor. It should be 17."

Thereafter, the court awarded respondent 17 days of sentence credit for time previously spent in custody.

¶ 13 On March 29, 2010, respondent filed a motion to reconsider sentence, arguing (1) his sentence was excessive in light of the following: (a) a lesser sentence would achieve the remedial goals and still be an adequate punishment, (b) he entered a guilty plea in this case, and (c) he did not have any prior adjudications at the time of sentencing; (2) the trial court did not impose a sentence in line with his age, past history of criminality, family situation, and economic status; and (3) a community-based sentence would be more appropriate because (a) it would be in his best interest to be trained and disciplined by his supportive mother rather than the Department, (b) any potential substance-abuse issues would be better addressed within the community, and (c) he could benefit from counseling available to him in the community. On April 13, 2010, the trial court denied respondent's motion to reconsider sentence.

¶ 14 This appeal followed.

¶ 15                           II. ANALYSIS

¶ 16                           A. Mootness

¶ 17 After the parties initially briefed the issues raised in this appeal, this court directed them to file supplemental briefs on the issue of whether the appeal was moot because respondent was sentenced on March 18, 2010, to an indeterminate term, which automatically terminated in 364 days or upon respondent attaining the age of 21, and respondent's initial brief was filed beyond the 364 days.

¶ 18 In respondent's supplemental brief, he argues the appeal is not moot because he remains on parole and could be ordered to serve additional time in the Department if his parole is revoked. In support of his supplemental brief, respondent's counsel attached a supporting affidavit, indicating he contacted the records department of "IYC Murphysboro" and was notified of the following: (1) respondent was admitted to the Department's intake facility at "IYC St. Charles" on March 22, 2010, transferred to "IYC Murphysboro" on April 7, 2010,

and released on parole on July 8, 2010; (2) his parole was thereafter revoked, he was readmitted to "IYC St. Charles" on December 28, 2010, and transferred to "IYC Murphysboro" on January 27, 2011, and he was again released on parole on March 31, 2011; (3) if respondent further violates his parole, he could be returned to the Department's custody. The State agrees this appeal is not moot because respondent is still subject to either 138 or 139 days (depending on this court's ruling on the appropriate predetention credit) of unserved Department time should his parole again be revoked.

¶ 19    A question is moot when no actual controversy exists or where intervening events occur that render it impossible for the court to grant effectual relief to the complaining party. *People v. S.L.C.*, 115 Ill. 2d 33, 39, 503 N.E.2d 228, 230 (1986). "It is generally held that where the only relief sought is to set aside a sentence, the question of the validity of its imposition becomes moot when the sentence has been served." *In re Napier*, 83 Ill. App. 3d 503, 505, 404 N.E.2d 423, 425 (1980). Under subsections (a) and (b) of section 3-3-8 of the Unified Code of Corrections (730 ILCS 5/3-3-8(a), (b) (West 2008)), a juvenile committed to the Department may be kept on parole until he is 21 years old unless the Prisoner Review Board enters an order releasing and discharging him from parole. As indicated in respondent's supplemental brief, he is subject to revocation of his parole and recommitment for his unserved sentence. Accordingly, we do not consider the present appeal moot.

¶ 20                                B. Forfeiture

¶ 21    We first note respondent failed to raise the sentence-credit issue in his motion to reconsider sentence. However, "[a] claim for additional presentence credit cannot be forfeited by a defendant's failure to raise the issue in the trial court." *In re Justin L.V.*, 377 Ill. App. 3d 1073, 1088, 882 N.E.2d 621, 634 (2007). Therefore, we will address respondent's claim.

¶ 22                            C. Standard of Review

¶ 23    "A trial court is statutorily mandated to give a minor credit for his predisposition detention." *In re Rakim V.*, 398 Ill. App. 3d 1057, 1059, 925 N.E.2d 339, 341 (2010). The trial court's application of a statute is subject to *de novo* review. *Id.*

¶ 24                              D. Sentence Credit

¶ 25    First, respondent notes the State suggests he is not entitled to sentence credit for May 1, 2009, because he was not "incarcerated." According to respondent, the notion that a minor must be "incarcerated" before he is entitled to sentence credit is inconsistent with existing case law, which states the juvenile gets credit for time spent "in custody." We agree with respondent.

¶ 26    Pursuant to section 5-710(1)(a)(v) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-710(1)(a)(v) (West 2008)), a "minor shall be given credit on the sentencing order of detention for time spent in detention *** as a result of the offense for which the sentencing order was imposed." Additionally, the "time during which a minor is in *custody*

before being released upon the request of a parent, guardian or legal custodian shall be considered as time spent in detention." (Emphasis added.) 705 ILCS 405/5-710(1)(b) (West 2008). A guilty minor shall not be committed to the Department for a period of time in excess of the period for which an adult would be committed for the same offense. 705 ILCS 405/5-710(7) (West 2008).

¶ 27    In *In re J.T.*, 221 Ill. 2d 338, 353, 851 N.E.2d 1, 10 (2006), the Illinois Supreme Court determined "a juvenile who is committed to the [Illinois Department of Corrections, Juvenile Division] for an *indeterminate* term *** is entitled to predisposition credit." (Emphasis added.) In *Rakim V.*, 398 Ill. App. 3d at 1059, 925 N.E.2d at 341, this court stated "[a] juvenile who is committed to [the Department] for an indeterminate term *** is entitled to predisposition credit for the time he was *incarcerated*." (Emphasis added.) However, this court thereafter stated that the juvenile should receive predisposition credit against his sentence for any part of the day for which he spent time in *custody*. *Id.*

¶ 28    Additionally, this court previously noted in *In re Jesus R.*, 326 Ill. App. 3d 1070, 1073, 762 N.E.2d 717, 719 (2002), that "[t]o deny a juvenile credit for time served could lead to a total commitment that exceeds the maximum time an adult could serve for the same offense," a result contrary to section 5-710(7) of the Juvenile Court Act (705 ILCS 405/5-710(7) (West 2008)). In support of its holding, this court explained that "recent amendments to the [Juvenile Court] Act have resulted in juvenile proceedings that are strikingly similar to *adult* criminal proceedings." (Emphasis in original.) *Jesus R.*, 326 Ill. App. 3d at 1073, 762 N.E.2d at 719. Although proceedings held under the Juvenile Court Act are not considered criminal in nature, the Juvenile Court Act has "evolved to include facets that resemble adult criminal proceedings." *Jesus R.*, 326 Ill. App. 3d at 1073-74, 762 N.E.2d at 719.

¶ 29    "Criminal defendants are entitled to sentencing credit for each day spent in custody." *Jesus R.*, 326 Ill. App. 3d at 1072, 762 N.E.2d at 718. Therefore, a juvenile who has been committed to an indeterminate term in the Department should also be entitled to sentencing credit for each day spent in custody. See *Jesus R.*, 326 Ill. App. 3d at 1073-74, 762 N.E.2d at 719.

¶ 30    Here, the State argues respondent was not entitled to one day of sentence credit for the date of his original arrest because juveniles should not be entitled to predetention credit for station adjustments. The State notes it has found no case where any Illinois court has awarded predetention credit for a station adjustment. Respondent counters that he is entitled to the one day of credit because he was subject to further legal action, *i.e.*, he was adjudicated delinquent and sentenced to the Department for this very incident. Additionally, respondent notes the station adjustment occurred on May 14, 2009, two weeks after his initial arrest. Further, respondent argues a juvenile is entitled to sentencing credit for any time spent in custody, which includes an arrest. Respondent notes the social investigation report prepared in this case indicated he was subject to "Juvenile Arrest" on May 1, 2009. Accordingly, respondent argues he is entitled to one additional day of sentencing credit for May 1, 2009.

¶ 31    Section 5-301 of the Juvenile Court Act (705 ILCS 405/5-301 (West 2008)) provides that a minor *arrested* for any offense may receive a station adjustment for that *arrest*. "A formal

station adjustment is defined as a procedure when a juvenile police officer determines that there is probable cause to believe the minor has committed an offense and an admission by the minor of involvement in the offense." 705 ILCS 405/5-301(2)(a) (West 2008). "A formal station adjustment does not constitute an adjudication of delinquency or a criminal conviction." 705 ILCS 405/5-301(e) (West 2008). However, the juvenile may be required to follow certain conditions established by the juvenile police officer, which may include a prohibition against further violation of the law. 705 ILCS 405/5-301(d)(ii) (West 2008). A juvenile's failure to comply with the station-adjustment conditions may result in termination of the station adjustment with either no further action or referral of the matter to the juvenile court. 705 ILCS 405/5-301(i)(iv), (i)(v) (West 2008). " 'Station adjustments' involve situations where the police, after taking the juvenile to the police station, decide that the juvenile will not be prosecuted." *People v. M.D.*, 101 Ill. 2d 73, 79, 461 N.E.2d 367, 370 (1984). During a station adjustment, the juvenile receives a verbal warning from the police. *People v. Clark*, 119 Ill. 2d 1, 9, 518 N.E.2d 138, 142 (1987). "Station adjustments are police matters on which no further legal action is taken." *M.D.*, 101 Ill. 2d at 96-97, 461 N.E.2d at 379 (Simon, J., dissenting).

¶ 32    In the present case, on May 1, 2009, police officers from the Champaign County police department were dispatched to Jefferson Middle School in Champaign to investigate a report concerning students smoking cannabis. Through their investigation, the officers learned respondent was involved in selling cannabis on school grounds. A subsequent search of respondent's locker resulted in the discovery of two Baggies of cannabis totaling 1.7 grams. Respondent was interviewed at the school by the investigating officers, and he admitted purchasing and selling cannabis. The record indicates respondent was not admitted to the Champaign County Juvenile Detention Center on this date.

¶ 33    Shortly thereafter on May 14, 2009, respondent was placed on a formal station adjustment by the Champaign police department. On June 17, 2009, the State filed a petition for adjudication of delinquency and wardship of respondent for the May 1 incident. At some point prior to the July 14, 2009, expiration of respondent's formal station adjustment, the station adjustment was terminated and closed with no further action due to respondent committing a subsequent violation. On March 18, 2010, the trial court adjudicated respondent a delinquent minor and sentenced him to an indeterminate term which automatically terminated in 364 days or upon respondent attaining the age of 21 years, whichever came first. The social investigation report prepared for respondent's sentencing hearing indicated the disposition of the May 1, 2009, drug offense was a "Juvenile Arrest."

¶ 34    The Illinois Supreme Court has defined "custody" for purposes of adult sentencing credit as "the legal duty to submit" to legal authority, which did not require actual physical confinement. *People v. Beachem*, 229 Ill. 2d 237, 252, 890 N.E.2d 515, 524 (2008). When a person is arrested, that person has a "legal duty to submit" to the control of the arresting officer. See *People v. Locken*, 59 Ill. 2d 459, 464, 322 N.E.2d 51, 53-54 (1974) (a person is not authorized to use force to resist an arrest which he knows is being made by a police officer).

¶ 35    Here, respondent was arrested on May 1, 2009, even though he was not admitted to the Juvenile Detention Center. Respondent was subsequently placed on a formal station

adjustment as a result of this arrest and thereafter committed to the Department. Because respondent was arrested on May 1, 2009, he had the legal duty to submit to the control of the arresting officers. Thus, respondent's arrest fits within the definition of custody set forth in *Beachem*, and respondent is entitled to an additional one day of credit against his sentence.

¶ 36                                                III. CONCLUSION

¶ 37        For the reasons stated, we affirm respondent's sentence as modified. We remand with directions for issuance of an amended sentencing judgment to reflect one additional day of sentence credit against respondent's sentence.

¶ 38        Affirmed as modified and remanded with directions.