# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Shelby R.*, 2012 IL App (4th) 110191

---

| | |
|---|---|
| Appellate Court Caption | In re: SHELBY R., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. SHELBY R., Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0191 |
| Argued<br>Filed | July 18, 2012<br>August 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The commitment of a minor to confinement in the Department of Juvenile Justice for unlawful consumption of alcohol is not authorized by the Juvenile Court Act. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-JD-301; the Hon. Harry E. Clem, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Jacqueline L. Bullard (argued),
all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J.
Biderman, and Anastacia R. Brooks (argued), all of State's Attorneys
Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Presiding Justice Turner and Justice Pope concurred in the judgment and
opinion.

## OPINION

¶ 1      In December 2009, the State filed a petition for adjudication of wardship pursuant to section 5-520 of the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/5-520 (West 2010)) against respondent, Shelby R., born February 15, 1995, alleging on December 29, 2009, she committed two counts of domestic battery, Class A misdemeanors (720 ILCS 5/12-3.2(a)(1) (West 2010)) (counts I and II); aggravated assault, a Class A misdemeanor (720 ILCS 5/12-2(a)(1) (West 2010)) (count III); and unlawful consumption of alcohol, a Class A misdemeanor (235 ILCS 5/6-20(e) (West 2010)) (count IV). In June 2010, respondent admitted to unlawful consumption of alcohol in exchange for the dismissal of the remaining three charges. In July 2010, the trial court sentenced respondent to 18 months' probation. In September 2010, the State filed a petition to revoke probation, and in November 2010 respondent admitted the allegations contained in the petition. In December 2010, the court resentenced respondent to 364 days' confinement in the Department of Juvenile Justice (Department).

¶ 2      Respondent appeals, arguing the Juvenile Act (705 ILCS 405/1-1 to 7-1 (West 2010)) prohibits a minor's incarceration in the Department for unlawful consumption of alcohol, and the trial court erred by imposing a 364-day incarceration sentence. We agree.

¶ 3      I. BACKGROUND

¶ 4      On December 30, 2009, after a hearing, the trial court placed respondent in temporary detention in the Champaign County Juvenile Detention Center. On February 1, 2010, respondent was released from the juvenile detention center to attend residential substance-abuse treatment. On April 14, 2010, respondent, against staff advice, left the treatment facility. The record shows respondent returned to detention from May 19, 2010, to June 7, 2010.

¶ 5      At the June 2010 plea hearing, respondent admitted unlawful consumption of alcohol,

and in exchange the State dismissed the other three counts. According to the factual basis, on December 29, 2009, police responded to respondent's residence for a domestic disturbance. Respondent, then 14 years old, was arrested and transported to the Champaign County Juvenile Detention Center. She admitted to a police officer she consumed alcohol and she submitted to a breath-alcohol test. Her breath-alcohol concentration was 0.142. At the hearing, the trial court admonished respondent she could be committed to the Department for a period of up to one year. The trial court adjudicated respondent a delinquent minor.

¶ 6    In July 2010, the trial court held the initial sentencing hearing. The State introduced a written social investigation report pursuant to section 5-705(1) of the Juvenile Act (405 ILCS 5-705(1) (West 2010)). Neither party presented additional evidence. The court sentenced respondent to 18 months' probation. Probation conditions required respondent refrain from consuming alcoholic beverages or using illegal drugs and required her to submit urine samples for testing.

¶ 7    In September 2010, the State filed a petition to revoke probation. According to the petition, on August 18, 2010, respondent submitted a urine sample testing positive for marijuana and cocaine metabolites. At the November 10, 2010, petition-to-revoke hearing, respondent admitted the allegations set forth in the petition. The trial court admonished respondent she could be incarcerated in the Department for one year and ordered an updated written social investigation report.

¶ 8    At the December 2010 resentencing hearing, the State introduced an updated written social investigation report. The report showed respondent was pregnant and due to deliver in June 2011. Neither party introduced additional evidence. Assistant State's Attorney Stephanie Weber argued the respondent needed to go to the Department of Juvenile Justice where she would not have access to drugs and alcohol and she would receive needed structure, discipline, and treatment to the benefit of herself and her unborn child.

¶ 9    Respondent's attorney, Assistant Public Defender Melinda Liccardello, recommended a community-based sentence. Liccardello argued respondent participated in community-based services such as Parenting With Love & Limits and anger-management and substance-abuse treatment.

¶ 10    Respondent exercised her right to make a statement and stated she changed her friends, no longer "hangs out" with the same people, and alcohol and drugs are not allowed where she resides. In reference to her pregnancy, she stated, "I'm not just thinking of myself no more; I'm also thinking of my baby's life."

¶ 11    The trial court pursuant to section 5-750(1)(a) of the Juvenile Act (705 ILCS 405/5-750(1)(a) (West 2010)) found respondent's parents were unfit or unable, for some reason other than financial circumstances alone, to care for, protect, train, or discipline her, or were unwilling to do so, and the best interests of the public would not be served by an alternative placement under section 5-740 (705 ILCS 405/5-740 (West 2010)). The trial court resentenced respondent to an indeterminate term of 364 days in the Department or upon attaining 21 years of age, whichever comes first. The court ordered credit for 55 days served in detention. The court explained its decision, in part, by noting respondent's bad decisions, repeated substance abuse, and her pregnancy. Both the assistant State's Attorney and the trial

judge believed respondent and her child had their best chance at a good outcome through a term of incarceration.

¶ 12　　In December 2010, respondent filed a motion to reconsider, alleging, among other things, a sentence to the Department for unlawful consumption of alcohol is barred under the Juvenile Act. After a hearing, the trial court denied respondent's motion. This appeal followed.

¶ 13　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　　Respondent appeals, arguing the Juvenile Act (705 ILCS 405/1-1 to 7-1 (West 2010)) prohibits a minor's incarceration in the Department for unlawful consumption of alcohol, and the trial court erred by imposing a 364-day incarceration sentence. Respondent acknowledges she served her sentence and has "been discharged from parole." The State contends this case is moot and respondent failed to show any exception to the mootness doctrine applies. We find an exception to the mootness doctrine applies and agree with respondent.

¶ 15　　　　　　　　　　　　　　A. Mootness

¶ 16　　An issue on appeal becomes moot where events occurring after the filing of the appeal render it impossible to grant effectual relief to the complaining party. *In re Christopher K.*, 217 Ill. 2d 348, 358-59, 841 N.E.2d 945, 952 (2005) (quoting *People v. Roberson*, 212 Ill. 2d 430, 435, 819 N.E.2d 761, 764 (2004)). Generally, where the relief sought is to set aside a sentence, the question of the validity of its imposition is moot when the sentence has been served. *In re Jabari C.*, 2011 IL App (4th) 100295, ¶ 19, 962 N.E.2d 8 (quoting *In re Napier*, 83 Ill. App. 3d 503, 505, 404 N.E.2d 423, 425 (1980)). Respondent solely challenges her sentence and has completed her sentence. This appeal is moot.

¶ 17　　Respondent maintains both the collateral-consequences exception and the public-interest exception apply. We agree the public-interest exception applies, and need not address the collateral-consequences exception.

¶ 18　　The public-interest exception requires (1) the existence of a question of public importance; (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties; and (3) the likelihood that the question will reoccur. *In re J.T.*, 221 Ill. 2d 338, 350, 851 N.E.2d 1, 8 (2006). These criteria must be clearly satisfied. *Id.* The public-interest exception considers potential recurrences to any person, not only the complaining party. *Holly v. Montes*, 231 Ill. 2d 153, 158, 896 N.E.2d 267, 271 (2008).

¶ 19　　The first element is satisfied. Respondent's appeal involves the question of how long a minor should be incarcerated, undeniably presenting a question of public importance (*J.T.*, 221 Ill. 2d at 350-51, 851 N.E.2d at 8; *In re B.L.S.*, 202 Ill. 2d 510, 519, 782 N.E.2d 217, 223 (2002) (an incarcerated juvenile's liberty is restrained just as effectively as that of an adult offender)). The third element is also satisfied because this issue is likely to recur when public officials believe committing a minor to the Department for unlawful consumption of alcohol is statutorily authorized. This issue will continue to evade review as the short sentence, 364

days' confinement, will likely cause any fully litigated appeal on this issue to be moot, and it will not arrive before an appellate court as a live controversy. See *Turner v. Rogers*, 557 U.S. ___, ___, 131 S. Ct. 2507, 2515 (2011) (noting prior United States Supreme Court precedent makes clear 12 months is a short duration for mootness purposes).

¶ 20    The second element, desirability of an authoritative determination, is contested by the State. Respondent asserts the issue of whether the Juvenile Act authorizes such commitments is a matter of first impression and has not been addressed in a reported Illinois case. She states "a decision by this Court is needed to provide critical, timely guidance to public officials on the limits which the legislature has placed on the imprisonment of minors who consume alcohol." The State "disputes respondent's claim that an issue of apparent first impression can meet the requirement that an 'authoritative determination' is 'necessary' to guide public officers in future cases." The State's contention warrants discussion.

¶ 21    The State cites *In re Commitment of Hernandez*, 239 Ill. 2d 195, 202-03, 940 N.E.2d 1082, 1087 (2010), for the State's proposition "[w]here no precedent exists on an issue, no authoritative resolution is needed," and an appellate court must decline to consider an issue of first impression in an otherwise moot case. Further, the State maintains the supreme court "has recognized that the lack of prior precedent addressing a specific argument 'merely further confirms that, as yet, there is no need for an authoritative pronouncement.' See [*Christopher K.*, 217 Ill. 2d at 362, 841 N.E.2d at 954]." The State argues a moot issue of first impression cannot meet the public-interest exception's second element even where an authoritative determination is necessary to provide guidance to public officers in future cases. We find the State's argument unpersuasive.

¶ 22    The State reads *Hernandez* too broadly. In *Hernandez*, the primary issue before the supreme court was whether the appellate court had jurisdiction over the State's appeal in a sexually violent person's case when the State filed its notice of appeal after the circuit court approved Hernandez for conditional release but before the court approved a conditional-release plan. *Hernandez*, 239 Ill. 2d at 197, 940 N.E.2d at 1084. The appeal became moot when Hernandez returned to the Department of Human Services' (DHS) custody. *Id.* The supreme court stated, "To determine if an authoritative determination of a question is needed, *this court* looks to whether the law is in disarray or there is conflicting precedent." (Emphasis added.) *Hernandez*, 239 Ill. 2d at 202, 940 N.E.2d at 1087. The supreme court noted the appellate court's decision was based on a well-settled rule of finality of judgments and the State did not cite any conflict or disarray in the law. *Hernandez*, 239 Ill. 2d at 202-03, 940 N.E.2d at 1087. The supreme court found the case moot and vacated the appellate court's judgment. *Hernandez*, 239 Ill. 2d at 203, 940 N.E.2d at 1087.

¶ 23    *Hernandez* involved application of a well-settled rule of law and became purely advisory when the State received the relief it sought, Hernandez's return to DHS custody. See *In re Luis R.*, 239 Ill. 2d 295, 301, 941 N.E.2d 136, 140 (2010) ("Generally speaking, a 'justiciable matter' is 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' " (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335, 770 N.E.2d 177, 184 (2002))). Our case involves the interpretation of a statute concerning important juvenile liberty interests that *no* Illinois court

has decided and will affect juveniles in the future. Hernandez does not require *appellate* courts to look to whether the law is in disarray to determine whether an authoritative determination is required. Instead, the supreme court looks for disarray in the law in determining whether to exercise its discretion in conclusively resolving an issue.

¶ 24    The State's additional authority is equally distinguishable as both involved a constitutional challenge to an adoption statute consistently rejected by the appellate court. *In re Adoption of Walgreen*, 186 Ill. 2d 362, 364, 710 N.E.2d 1226, 1226-27 (1999); *In re J.B.*, 204 Ill. 2d 382, 384, 789 N.E.2d 1259, 1260 (2003). *Walgreen* and *J.B.* do not involve a novel question of statutory interpretation involving important liberty interests. They do not stand for the proposition the appellate court must consider disarray in the law in determining whether an authoritative determination is necessary to provide guidance.

¶ 25    The existence of conflicting precedent is not an element of the public-interest exception. *Christopher K.*, 217 Ill. 2d at 385 n.3, 841 N.E.2d at 967 n.3 (Freeman, J., specially concurring). Language concerning disarray in the law and conflicting precedent in the public-interest exception addresses the structural and precedential difference between the appellate court and the Illinois Supreme Court. See *People v. Artis*, 232 Ill. 2d 156, 164, 902 N.E.2d 677, 682 (2009) ("The appellate court lacks authority to overrule decisions of [the supreme court], which are binding on all lower courts."); *People v. Canulli*, 341 Ill. App. 3d 361, 370, 792 N.E.2d 438, 444 (2003) ("Courts are not bound to follow decisions of equal or inferior courts."); see also Ill. S. Ct. R. 315(a) (eff. Oct. 15, 2007) (providing whether a petition for leave to appeal "will be granted is a matter of sound judicial discretion," and the supreme court considers "the existence of a conflict between the decision sought to be reviewed and a decision *** of another division of the Appellate Court" in reviewing a petition for leave to appeal). If the supreme court intended to curtail the public-interest exception as used by the appellate court, we conclude it would have done so with more clarity than in *Hernandez*.

¶ 26    Additionally, we find unpersuasive the State's treatment of *Hernandez* and *Christopher K.* in arguing how a case is one of first impression. The State asserts "an issue of first impression existed in the Supreme Court of Illinois once the *moot* appellate ruling was vacated in *Hernandez*." (Emphasis in original.) The State further asserts the *Christopher K.* appellate opinion created precedent and as such "the issue was no longer one of first impression once it reached the Supreme Court of Illinois." Vacating an appellate court decision where the supreme court finds the case moot before the appellate court is a long-standing practice. *In re Randall M.*, 231 Ill. 2d 122, 133-34, 896 N.E.2d 309, 315 (2008); *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 293, 835 N.E.2d 797, 800 (2005); *In re Tekela*, 202 Ill. 2d 282, 297, 780 N.E.2d 304, 313 (2002); *Walgreen*, 186 Ill. 2d at 366, 710 N.E.2d at 1228. As in *Hernandez*, rather than creating a case of first impression, this practice creates a nonjusticiable case without a live controversy, because it is moot, and without a prior appellate decision, because it is vacated, before the supreme court. *Hernandez*, 239 Ill. 2d at 203, 940 N.E.2d at 1087 (where appellate court's judgment vacated, "*no* precedent exists," and a decision by the supreme court would be "a purely advisory opinion on a question that has yet to be decided" (emphasis in original)). Black's defines a case of first impression as a "case that presents the court with an issue of law that has not previously been decided by any controlling legal authority in that jurisdiction." Black's Law Dictionary 228

(8th ed. 2004). The Illinois Supreme Court is the court of last resort in Illinois. It establishes controlling precedent in this state and is under no obligation to follow the appellate court's decision. See *In re K.E.F.*, 235 Ill. 2d 530, 541, 922 N.E.2d 322, 328 (2009) (noting the supreme court is "not bound by the appellate court's reasoning in any event and may affirm for any basis presented in the record"). Further, when a question of law has been deliberately examined and decided by the supreme court, it should be considered closed to further argument. *People v. Hernandez*, 231 Ill. 2d 134, 144, 896 N.E.2d 297, 304 (2008). A case of first impression before an Illinois court is one in which no prior controlling precedent exists, and the issue is only settled once the Illinois Supreme Court decides the issue.

¶ 27     Otherwise moot cases involving an issue of first impression have been previously reached by the supreme court and the appellate court. See *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 63, 962 N.E.2d 418 (addressing attorney fees under the Citizen Participation Act, although the supreme court reversed the appellate court's judgment, causing the issue to be moot because it did not affect the parties); *People v. Horsman*, 406 Ill. App. 3d 984, 986-87, 943 N.E.2d 139, 141-42 (2011) (addressing whether electronic home monitoring was a form of imprisonment); *In re Charles K.*, 405 Ill. App. 3d 1152, 1162, 943 N.E.2d 1, 9-10 (2010) (addressing issue of first impression concerning jury instructions in involuntary-commitment cases); *In re Robert F.*, 396 Ill. App. 3d 304, 311, 917 N.E.2d 1201, 1206 (2009) (addressing procedural requirements for involuntary commitment where the statute at issue had only been discussed in one other decision); *In re Atul R.*, 382 Ill. App. 3d 1164, 1167-68, 890 N.E.2d 695, 698-99 (2008) (addressing issue involving statutory procedures for involuntary commitment); *Christopher K.*, 217 Ill. 2d at 361, 841 N.E.2d at 953 ("the appellate court's decision in this case [did] not directly conflict with prior case law").

¶ 28     The State's argument distorts the public-interest exception by effectively precluding its use to review cases of first impression. Following the State's circular logic, since the issue before us will always be moot and has not yet been resolved, no appellate court can issue an opinion or it would be first to do so in a moot case. Since no appellate district could issue an opinion, no conflict between the districts would potentially develop to create the need for supreme court review. As a result, the Illinois Supreme Court would not be called upon to conclusively resolve the issue as the appellate court could not consider the issue, thus effectively stifling development of the law. We do not believe we are precluded from considering an entire class of cases and will review a matter of first impression where the case meets a mootness exception, such as where the issue is of public importance and public officials are in need of guidance. *Christopher K.*, 217 Ill. 2d at 361, 841 N.E.2d at 953-54; *People ex rel. Department of Corrections v. Millard*, 335 Ill. App. 3d 1066, 1070, 782 N.E.2d 966, 969 (2003). This matter of first impression concerns statutory interpretation affecting commitment of juveniles. We find the public-interest exception applies because a resolution will provide needed guidance to public officials.

¶ 29                                    B. Merits

¶ 30     On the merits, respondent argues the Juvenile Act prohibits a minor's commitment to the Department for unlawful consumption of alcohol, and the trial court erred in sentencing her

to 364 days' commitment in the Department. Respondent contends because "[a]dults, *i.e.*[,] individuals over the age of 21[,] cannot be found guilty of, much less incarcerated for, illegal consumption of alcohol," the Juvenile Act prohibits commitment of minors adjudicated delinquent for unlawful consumption of alcohol. We agree.

¶ 31                                    1. *Standard of Review*

¶ 32    Respondent's challenge requires this court to construe statutory language, and our review is *de novo*. *In re Rodney S.*, 402 Ill. App. 3d 272, 285, 932 N.E.2d 588, 600 (2010). The primary objective in construing a statute is to ascertain and give effect to the legislative intent, and the most reliable indicator of that intent is the plain and ordinary meaning of the statutory language itself. *People v. Chapman*, 2012 IL 111896, ¶ 23, 965 N.E.2d 1119. Courts of review determine legislative intent by reading the statute as a whole and considering all relevant parts and not by considering words or phrases in isolation. *People v. Villa*, 2011 IL 110777, ¶ 35, 959 N.E.2d 634. This court will "not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent" (*People v. Perry*, 224 Ill. 2d 312, 323-24, 864 N.E.2d 196, 204 (2007)) and construes the language of a penal statute in favor of the accused (*Rodney S.*, 402 Ill. App. 3d at 286, 932 N.E.2d at 601). When necessary, the statute should be considered in its entirety in light of the subject it addresses and the legislature's objective in enacting it. *In re Jerome S.*, 2012 IL App (4th) 100862, ¶ 10, 968 N.E.2d 769.

¶ 33                          2. *Juvenile Act and Liquor Control Act*

¶ 34    Our review requires us to construe several provisions of the Juvenile Act and the Liquor Control Act of 1934 (Liquor Act) (235 ILCS 5/1-1 to 12-4 (West 2010)) together to determine whether a minor's commitment to the Department, upon probation revocation, is permitted for unlawful consumption of alcohol. Under the doctrine of *in pari materia*, two statutes, or two parts of one statute concerning the same subject, must be considered together in order to produce a " 'harmonious whole.' " *People v. Rinehart*, 2012 IL 111719, ¶ 26, 962 N.E.2d 444 (quoting *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555, 591 N.E.2d 427, 429 (1992)).

¶ 35    We begin with section 6-20(e) of the Liquor Act, which states, "The consumption of alcoholic liquor by any person under 21 years of age is forbidden." 235 ILCS 5/6-20(e) (West 2010). Violation of section 6-20(e) is a Class A misdemeanor (235 ILCS 5/6-20(f) (West 2010)), and a Class A misdemeanor is punishable by imprisonment up to one year (730 ILCS 5/5-4.5-55 (West 2010)).

¶ 36    Turning next to the Juvenile Act, unlawful consumption of alcohol by a minor under the age of 18 falls under the exclusive jurisdiction of article V of the Juvenile Act. 705 ILCS 405/5-120 (West 2010). The Juvenile Act defines an "adult" as "a person 21 years of age or older" (705 ILCS 405/1-3(2) (West 2010)), and a "minor" as "a person under the age of 21 years subject to this Act" (705 ILCS 405/1-3(10), 5-105(10) (West 2010)).

¶ 37    Several Juvenile Act provisions work together in limiting a minor's commitment to the Department. Section 5-750(1)(a) of the Juvenile Act states a minor, adjudged a ward of the

court, may be committed to the Department if the trial court finds, as it did here, the minor's parents are unfit or unable, for some reason other than financial circumstances alone, to care for, protect, train, or discipline the minor, or are unwilling to do so, and the best interests of the minor and the public would not be served by placement under section 5-740 of the Juvenile Act. 705 ILCS 405/5-750(1)(a) (West 2010). Recent amendments have added seven individualized factors a court must review before making a finding that secure confinement is necessary and committing a minor to the Department. Pub. Act 97-362, § 5 (eff. Jan. 1, 2012) (amending 705 ILCS 405/5-750(1)(A)-(G) (West Supp. 2011)).

¶ 38    Respondent was committed after probation revocation, so we turn to section 5-720 of the Juvenile Act. Under section 5-720, where the trial court finds a minor violated a probation condition, the court may revoke probation "and impose any other sentence that was available under Section 5-710 at the time of the initial sentence." 705 ILCS 405/5-720(4) (West 2010). Under section 5-710(1)(b) of the Juvenile Act, a Department commitment under section 5-750 "shall be made *only if a term of incarceration is permitted by law for adults found guilty of the offense* for which the minor was adjudicated delinquent." (Emphasis added.) 705 ILCS 405/5-710(1)(b) (West 2010). Further, section 5-710(7) provides, "In no event shall a guilty minor be committed to the Department of Juvenile Justice for a period of time in excess of that period for *which an adult could be committed for the same act*." (Emphasis added.) 705 ILCS 405/5-710(7) (West 2010).

¶ 39                             3. *The Parties' Arguments*

¶ 40    Respondent contends the Juvenile Act "uniformly prohibits the incarceration of minors who have been charged or adjudicated delinquent" for unlawful consumption of alcohol. Respondent's argument can be broken down into four component parts: (1) the Juvenile Act limits terms of incarceration in the Department by reference to those terms authorized for adults found guilty of the same offense for which the minor was adjudicated delinquent; (2) unlawful consumption of alcohol, by operation of law, cannot be committed by an adult, a person over 21 years of age, the lawful age of consumption; (3) an adult cannot be incarcerated for unlawful consumption of alcohol; therefore, (4) under section 5-710 a minor cannot be sentenced to incarceration in the Department for unlawful consumption. As a result, the trial court erred in sentencing her to 364 days in the Department for unlawful consumption.

¶ 41    The State responds respondent ignores the "valid court order" exception (705 ILCS 405/1-4.1, 5-401(3) (West 2010)) permitting the incarceration of juvenile status offenders who violate probation orders.

¶ 42    We agree with respondent.

¶ 43    Respondent initially cites section 5-401(3) of the Juvenile Act in support of her argument. That section provides:

     "Except for minors accused of violation of an order of the court, any minor accused of any act under federal or State law, or a municipal or county ordinance that would not be illegal if committed by an adult, cannot be placed in a jail, municipal lockup, detention center, or secure correctional facility. Juveniles *accused* with underage consumption and

underage possession of alcohol cannot be placed in a jail, municipal lockup, detention center, or correctional facility." (Emphasis added.) 705 ILCS 405/5-401(3) (West 2010).

Respondent acknowledges section 5-401(3) expressly concerns preadjudicatory proceedings under article V, part 4, of the Juvenile Act (705 ILCS 405/5-401 to 5-415 (West 2010)) but further asserts nothing limits its scope from applying to sentencing proceedings under article V, part 7 (705 ILCS 405/5-701 to 5-755 (West 2010)). However, just as nothing expressly limits section 5-401(3)'s applicability to preadjudicatory proceedings, nothing suggests its restrictions during the arrest and custody phase must be read into the sentencing phase. See *Randall M.*, 231 Ill. 2d at 129, 896 N.E.2d at 313 (noting article V, part 4, of the Juvenile Act "does not govern or even speak to the trial court at the detention hearing" as governed in article V, part 5). Section 5-401(3) speaks only to the arrest and custody phase, and we decline the opportunity to read its restrictions into the article V, part 7, sentencing provisions.

¶ 44    The State asserts the Juvenile Act contains a "valid court order" exception, which permits incarceration of juvenile probation violators. The State argues circuit courts should not be limited in "invoking their inherent contempt powers to impose incarceration upon juvenile status offenders who violate probation orders." For support, the State cites sections 1-4.1 and 5-401(3). Section 1-4.1 provides, in pertinent part:

"*Except for minors accused of violation of an order of the court*, any minor *accused* of any act under federal or State law, or a municipal ordinance that would not be illegal if committed by an adult, cannot be placed in a jail, municipal lockup, detention center or secure correctional facility. Confinement in a county jail of a minor *accused* of a violation of an order of the court, or of a minor for whom there is reasonable cause to believe that the minor is a [delinquent minor], shall be in accordance with the restrictions set forth in Sections 5-410 and 5-501 of this Act." (Emphases added.) 705 ILCS 405/1-4.1 (West 2010).

Just as respondent, the State seeks to extend a provision expressly limited to the part 4 preadjudicatory stage to the part 7 sentencing stage. We refuse to apply provisions expressly limited to the arrest and custody stage in determining whether a minor *found guilty* of unlawful consumption of alcohol may be sentenced to the Department.

¶ 45    Further, the State cites the federal Juvenile Justice and Delinquency Prevention Act of 1974 (Delinquency Act) (42 U.S.C. § 5633(a)(11)(A)(ii) (2006)) for the proposition the valid court order exception permits incarceration for unlawful consumption. However, section 223(a)(23) of the federal Delinquency Act provides for procedural safeguards where "a juvenile is taken into custody for violating a valid court order issued for committing a status offense." 42 U.S.C. § 5633(a)(23) (2006); see also 705 ILCS 405/5-401(3) (West 2010) (same). The State has not presented a state or federal statute that addresses the "valid court order" exception outside of the preadjudicatory stage or that applies to sentencing upon probation revocation.

¶ 46    The procedural nature of the probation revocation proceedings below is fatal to the State's "valid court order" exception argument. Here, the State filed a petition to revoke respondent's probation, not a rule to show cause for contempt for her conduct. In light of the supreme court's curtailment of imprisonment for contempt in *City of Urbana v. Andrew N.B.*,

211 Ill. 2d 456, 813 N.E.2d 132 (2004), we question the State's suggestion a minor can be incarcerated in the Department for contempt. See *id.* at 476, 813 N.E.2d at 144 ("It defies reason that municipal ordinance code violations prosecuted outside the [Juvenile] Act which themselves are not punishable by imprisonment become punishable by imprisonment simply because the trial court ordered minors to abide by conditions unrelated to the initial violations."). We need not further comment on the State's contempt argument. Where a trial court initially imposed probation, the proper process is a petition to revoke probation under section 5-720 and, upon revocation, resentencing the respondent on the original offense, the process followed here.

¶ 47       Section 5-720(4) provides upon probation revocation the trial court may "impose any other sentence that was available under section 5-710 at the time of the initial sentence" (705 ILCS 405/5-720(4) (West 2010)). In this case, this specific provision concerning probation revocation controls over statutory provisions concerning arrest and custody, pretrial detention, or contempt proceedings. See *Moore v. Green*, 219 Ill. 2d 470, 480, 848 N.E.2d 1015, 1021 (2006) ("Where a general statutory provision and a more specific statutory provision relate to the same subject, we will presume that the legislature intended the more specific provision to govern."). We note section 5-720 does not contain a "valid court order" exception. However, even assuming *arguendo* a "valid court order" exception exists in part 7, under section 5-720(4) we must determine whether incarceration upon probation revocation is permitted as an initial sentence under section 5-710.

¶ 48                              4. *Incarceration for Unlawful Consumption*

¶ 49       Under section 5-710 of the Juvenile Act, a trial court cannot sentence a minor to the Department for a period in excess of the maximum imprisonment term for an adult convicted of the same offense, and any excess sentence is void. *In re Jesus R.*, 326 Ill. App. 3d 1070, 1072, 762 N.E.2d 717, 718 (2002); see also *In re K.S.*, 354 Ill. App. 3d 862, 864, 822 N.E.2d 526, 528 (2004) (Fifth District, remanding where minor sentenced in excess of 364 days on Class A misdemeanor). Ordinarily, an adult would be imprisoned in a county facility for a sentence of less than one year. 730 ILCS 5/5-8-6(b) (West 2010). While not explicit, the Juvenile Act permits commitment to the Department, a state facility, for a misdemeanor offense, whereas an adult would be imprisoned in a county facility. See *Jabari C.*, 2011 IL App (4th) 100295, ¶ 2, 962 N.E.2d 8 (minor adjudicated delinquent for unlawful possession of cannabis on school grounds, a Class A misdemeanor, committed to the Department for 364 days). The fact the trial court committed respondent to the Department rather than a county detention center does not affect our inquiry.

¶ 50       The parties assert and our research confirms no previous opinion has considered section 5-710(1)(b)'s limits in an unlawful-consumption case under the Juvenile Act. Often section 5-710 has arisen where the minor was committed to the Department until age 21, exceeding the determinate term for a particular offense. See *In re Jesus R.*, 326 Ill. App. 3d at 1072, 762 N.E.2d at 718 (Class 3 felony aggravated battery); *In re C.L.P.*, 332 Ill. App. 3d 640, 644, 773 N.E.2d 188, 190 (2002) (Class 3 felony aggravated battery).

¶ 51       We conclude the language of section 5-710 is clear and unambiguous with regard to the

question at issue. The statute simply provides a term of incarceration under section 5-750 is permitted "only if a term of incarceration is permitted by law for adults found guilty of the offense for which the minor was adjudicated delinquent." 705 ILCS 405/5-710(1)(b) (West 2010). The term "adult" as defined in the Juvenile Act is a person over the age of 21 (705 ILCS 405/1-3(2) (West 2010)). While the general concept of an adult, a person over the age of 18, would include "minors" (as defined by the Juvenile Act), these persons over the age of 18 would not be subject to the jurisdiction of the Juvenile Act if he or she committed the act after his or her eighteenth birthday (705 ILCS 405/5-120 (West 2010)). The fact an 18-year-old could potentially be subject to imprisonment for unlawful consumption does not affect our analysis as we need look no further than the Juvenile Act itself for the definition of "adult" as used in sections 5-710(1)(b) and 5-710(7), and we will construe section 5-710 using this defined term. See *Gruchow v. White*, 375 Ill. App. 3d 480, 485, 874 N.E.2d 921, 925 (2007) (" 'It is well established that when a statute defines the term it uses, those terms must be construed according to the definitions contained in the act.' " (quoting *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 244, 695 N.E.2d 848, 850 (1998))).

¶ 52   It is a legal impossibility for an adult, as defined by the Juvenile Act, to commit this offense–as there is no "same offense" for an adult. It is legally impossible for an adult, as defined in the Juvenile Act, to be incarcerated for unlawful consumption of alcohol. As an adult cannot legally be incarcerated for unlawful consumption, it logically follows in accord with section 5-710's plain language, incarceration of a juvenile in the Department for the same offense is not authorized. See 720 ILCS 5/2-12 (West 2010) (an "offense" is defined in the Unified Code of Corrections as "a violation of any penal statute of this State"). Article III of the Juvenile Act addresses typical status offenses such as truancy, running away, and incorrigibility, but not unlawful consumption of alcohol. 705 ILCS 405/3-1 to 3-33.5 (West 2010); see also Black's Law Dictionary 1112 (8th ed. 2004) (defining "status offense" as "[a] minor's violation of the juvenile code by doing some act that would not be considered illegal if an adult did it"). Because unlawful consumption of alcohol is a misdemeanor, it is an example of a status offense falling within the exclusive jurisdiction of article V of the Juvenile Act, and not article III. However, section 5-710(1)(b) expressly limits a trial court's sentencing disposition under article V.

¶ 53   A holding permitting incarceration for unlawful consumption, a Class A misdemeanor, would require us to read the word "class" preceding the word "offense," or to read a different definition of "adult" into the statute. We will not do so. Our interpretation is supported by subsection 5-710(7), which provides, "In no event shall a guilty minor be committed to the Department of Juvenile Justice for a period of time in excess of that period for which an adult could be committed for the *same act*." (Emphasis added.) 705 ILCS 405/5-710(7) (West 2010). Both sections 5-710(1)(b) and 5-710(7)'s usage of "offense" and "same act" requires us to reject a reading adding to the statutory language providing for incarceration of the same class offense, rather than, as the statute states, the same offense, *i.e.*, same violation of a penal statute. For further support, we note that juveniles accused of underage consumption of alcohol "cannot be placed in a jail, municipal lockup, detention center, or secure correctional facility" (705 ILCS 405/5-401(3) (West 2010)). This section supports our

interpretation that the legislature intended unlawful consumption to be treated differently for Department commitments.

¶ 54 Underage drinking laws provide minors with the incentive to refrain from consuming any amount of alcohol (*Arvia v. Madigan*, 209 Ill. 2d 520, 539, 809 N.E.2d 88, 100-01 (2004); see also 625 ILCS 5/11-501.8 (West 2010) (authorizing summary suspension of the driver's license of a person under 21 years of age on a finding of driving under the influence of alcohol)), and the Liquor Act's goal is to provide for the safety and temperance in the consumption of alcohol and demonstrates the General Assembly's belief that people under the age of 21 are generally incapable of appreciating the risks of alcohol consumption (*People v. Finkenbinder*, 2011 IL App (2d) 100901, ¶ 13, 963 N.E.2d 1069).

¶ 55 However, the Juvenile Act does not permit a trial court to adjudicate a minor delinquent for unlawful consumption and then commit her to the Department for a year. This does nothing to further the Juvenile Act's policy of rehabilitation in light of available substance-abuse treatments and alternative placements. Our holding does not prevent the State from enforcing unlawful consumption laws through authorized channels such as the following: order a delinquent minor to perform community service, order a delinquent minor to undergo a substance-abuse assessment and treatment, order a delinquent minor partially or completely emancipated, suspend a delinquent minor's driver's license, place a delinquent minor on probation or conditional discharge, or place a delinquent minor under age 13 in the guardianship of the Department of Children and Family Services. 705 ILCS 405/5-710 (West 2010).

¶ 56 The record before us suggests both the assistant State's Attorney and the trial court argued for and chose incarceration because of their experience with the minor, their knowledge of her behavior, and their concern for her health and the unborn child's health. However, this placement was unauthorized.

¶ 57 Section 5-710, as written, absent legislative clarification, does not authorize commitment to the Department for unlawful consumption, a crime that is legally impossible for an adult to commit. The trial court improperly resentenced respondent under section 5-720(4) to a sentence unauthorized by section 5-710 at the time of the initial sentencing hearing, namely, 364 days in the Department.

¶ 58                                    III. CONCLUSION

¶ 59 We reverse the trial court's judgment.

¶ 60 Reversed.